**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE**

**KENNETH W. KEE**                                                                                        **PLAINTIFF**

**v.**                                                                **CIVIL ACTION NO. 3:11CV-P544-M**

**LOUISVILLE METRO CORRECTIONS** *et al.*                              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Plaintiff, a pretrial detainee currently incarcerated at the Louisville Metro Department of Corrections ("Metro"), filed this 42 U.S.C. § 1983 action against the Louisville Metro Department of Corrections; Correctional Medical Services; and the following Metro officials, Lt. Norris, Capt. Christopher Chapman, Dwayne A. Clark, and Lisa Upton. Plaintiff sues all Defendants in both their official and individual capacities. Plaintiff is seeking compensatory and punitive damages as well as equitable relief in the form of expungement and release.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

After conducting its initial review, the Court will dismiss all of Plaintiff's claims except for his individual-capacity claim against Defendant Norris for money damages as related to his alleged use of excessive force in violation of the Fourteenth Amendment.

## II. FACTS

Plaintiff alleges that on July 26, 2011, around five o'clock in the morning Defendant Norris entered Plaintiff's dorm, 136B, and woke all the inmates by yelling, cursing and throwing things. Defendant Norris allegedly accused the inmates of disrespecting a female guard named Ms. Helton. Defendant Norris ordered the inmates to leave the dorm and go to the multi-purpose room a short way down the hall. While Plaintiff was in the process of leaving the dorm, Defendant Norris pushed Plaintiff in the back and said "you think I'm a joke, I said move it." Plaintiff states that the Defendant Norris's shove caused his neck to snap back and he simultaneously heard a cracking sound. Plaintiff states that ever since this incident his neck has been extremely sore and he has migraine headaches.

Plaintiff alleges that after all the inmates were in the multi-purpose room Defendant Norris "proceeded to tear through everyone's personal property . . . [and] he threw away all of my personal belongings including mail, clothes, and commissary/hygiene items which I never received back." Thereafter, Defendant Norris returned to the multi-purpose room where he made Plaintiff stand up in front of the other inmates so that he could taunt him. Defendant Norris yelled, "go ahead and do something I dare you! You want to mess with my coffee and my cigarette break and my woman then this is what can happen! You've got the right one to make your stay worse as possible!" Defendant Norris then relocated half the dorm.

Plaintiff states that he addressed his neck problems with Officer Skaggs on the same day but that Officer Skaggs refused to give him any treatment. Instead, Officer Skaggs placed Plaintiff in central hold for three hours with no food, blanket or anything and instructed Plaintiff to "leave the issue alone."[1]

---

[1] Plaintiff did not name Officer Skaggs as a defendant in this action.

On July 30th, Plaintiff states that he addressed his concerns through the inmate grievance process. His grievance was passed to Defendant Chapman from Defendant Upton. Plaintiff states that Defendant Chapman called him to his office where "he made it out to be my fault." Plaintiff appealed his grievance to Defendant Clark. Plaintiff states that Defendant Clark did not respond and that the grievance was "covered up." Plaintiff states that thereafter Defendant Upton would not process his grievances, instead returning them using "evasive tactics and rules."

Finally, Plaintiff states that Correctional Medical Services will still not see Plaintiff and just recently made him "lay in the dorm for two days (August 18th, 2011) with food poisoning refusing him treatment." Plaintiff states that a family member called Metro and spoke with an unidentified female employee who said "off the record" that unless Plaintiff had a lawyer call nothing will get done for him by medical.

### III. STANDARD OF REVIEW

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting

3

*Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## IV. ANALYSIS

Section 1983 provides a federal forum for injured parties to seek a remedy for the deprivation of their civil liberties. 42 U.S.C. § 1983; *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, (1989). "To state a valid § 1983 claim, Plaintiff must establish that: (1) he was deprived of a right secured by the Constitution or the laws of the United States, and (2) the deprivation was caused by a person acting under the color of state law." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001) (quoting *West v. Atkins*, 487 U.S. 42, 48(1988)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Id.*

**A.     Parties**

   **1.     Metro**

Municipal departments, such as jails, are not "persons" amendable to suit under § 1983. *See Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983); *see also Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) ("The McCracken County Jail is not a legal entity susceptible to suit. Because the McCracken County Jail is a department of the county, the county is the appropriate party to address [the plaintiff's] suit."). Accordingly, the Court will dismiss Plaintiff's claims against Metro Corrections.

   **2.     Official-capacity claims**

If an action is brought against an official of a governmental entity in his official capacity, the suit should be construed as brought against the governmental entity, which is Louisville Metro Government in this case. *Will*, 491 U.S. at 71. Municipalities cannot be held liable under a respondeat superior theory, but rather only where their own actions (such as in enacting a policy or custom) caused the constitutional violation. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Plaintiff's allegations do not indicate that Defendants were executing any of Louisville Metro Government's policies or customs. As such, the Court will dismiss his official-capacity claims.

   **3.     Correctional Medical Services**

Likewise, to state a claim against Correctional Medical Services, Plaintiff " must identify some custom, policy, or procedure that caused a violation of [his] . . . rights." *See Grose v. Corr. Med. Servs.*, 400 F. App'x 986, 989 (6th Cir. 2010). As Plaintiff has failed to allege any policy or custom, the Court will dismiss Correctional Medical Services as a party to this action.

This does not mean, however, that Plaintiff has not allege facts sufficient to state a claim for deliberate indifference as related to his lack of medical care.  He just cannot maintain suit against Correctional Medical Services based on the alleged facts.  Plaintiff is free to move to amend his complaint to add the individuals responsible for denying him medical care.  *See Berndt v. State of Tennessee*, 796 F.2d 879, 882-83 (6th Cir. 1986).  Should Plaintiff wish to amend his complaint, the Court will direct the Clerk of Court to send him a § 1983 form.

**B.      Relief**

Plaintiff seeks equitable relief in the form of release and expungement.  "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  Consequently, Plaintiff's claims for equitable relief under § 1983 will be dismissed.  Should Plaintiff wish to file a habeas petition, the Court will direct the Clerk of Court to send him the forms for filing such an action.

**C.      Substantive Claims**

   **1.      Verbal Abuse**

Plaintiff alleges that Defendant Norris verbally assaulted Plaintiff and the other inmates by yelling and making threats.  Although verbal abuse by prison officials is not condoned, the law is clear that even if the allegation of verbal abuse is true, verbal abuse by itself does not violate the Constitution.  *See Johnson v. Dellatifa,* 357 F.3d 539, 546 (6th Cir. 2004); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987).  The Court is required to dismiss the allegations of non-physical harassment for failure to state a claim upon which relief can be granted.

### 2. Grievances

Plaintiff's claims against Defendants Chapman, Clark, and Upton relate to their actions and/or inactions in processing Plaintiff's prison grievances. There is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). By the same token, a plaintiff cannot maintain a claim against a prison official based solely on his or her denial or failure to answer the plaintiff's grievance. *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001).

"The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999)). "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003). A plaintiff's claim is against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."); *Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (same); *Simpson v. Overton*, 79 F. App'x 117, 120 (6th Cir. 2003) ("[T]he denial of an appeal cannot in itself constitute sufficient personal involvement to state a claim for a constitutional violation."). Thus, where the only

allegation against a defendant relates to the denial of a grievance, a plaintiff fails to allege any personal involvement by the defendant in the alleged denial of medical treatment. *Id.*

Thus, the Court will dismiss Plaintiff's claims against Defendants Chapman, Clark, and Upton for failure to state a claim upon which relief can be granted.

### D. Property Loss

Plaintiff also appears to be alleging that Defendant Norris violated his constitutional rights by destroying and/or taking Plaintiff's personal property when he searched the dorm. The Supreme Court has held that where adequate remedies are provided by state law, a loss of personal property does not state a claim cognizable under the Due Process Clause. *Parratt v. Taylor*, 451 U.S. 527 (1981). The Sixth Circuit has found that Kentucky's statutory remedy for such losses is adequate within the meaning of *Parratt*. *See Wagner v. Higgins*, 754 F.2d 186, 191-92 (6th Cir. 1985). Thus, Plaintiff's claim concerning the loss of his property will be dismissed for failure to state a claim upon which relief may be granted.

### E. Excessive Force

Finally, Plaintiff alleges that Defendant Norris violated his right to be free from excessive force when he intentionally pushed Plaintiff causing his neck to snap. Plaintiff, a pretrial detainee, is protected against the use of excessive force under the Fourteenth Amendment. Upon review, the Court will allow this claim to proceed against Defendant Norris in his individual capacity. In so doing, the Court expresses no opinion on the ultimate outcome of this action.

## V.  ORDER

For the reasons set forth above, **IT IS ORDERED** that the following claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted:  1) all official-capacity claims; 2) all claims against Louisville Metro Department of Corrections; 3) all claims against Correctional Medical Services; 4) all claims against Capt. Christopher Chapman; 5) all claims against Dwayne A. Clark; 6) all claims against Lisa Upton; 7) Plaintiff's individual-capacity claims against Defendant Norris for verbal abuse and destruction of property; and 8) Plaintiff's claims for equitable relief in the form of release and/or expungement.

**IT IS FURTHER ORDERED** that Plaintiff's individual-capacity claim against Defendant Norris for money damages as related to his alleged use of excessive force in violation of the Fourteenth Amendment shall be allowed to proceed for further development.  The Court will enter a separate Order directing service on Defendant Norris and setting a Scheduling Order to govern to the development of this claim.

The Clerk of Court is **DIRECTED** to mail Plaintiff a 28 U.S.C. § 2254 packet and a § 1983 form.

Date:


cc:  Plaintiff, *pro se*
     Defendant Norris
     Jefferson County Attorney
4414.008